{¶ 13} Because the majority's holding essentially makes employers strictly liable for any injury occurring at the workplace — making them insurers of their employees — I respectfully dissent. *Page 5 
 {¶ 14} The record before this court contains little information regarding the nature of Emmert's injury other than that she heard a pop while rising from a chair. There was no evidence that she was injured by something that she was required to do for her work — such as lifting a heavy object. In fact, the record indicates that she had stood up after picking up a napkin.
 {¶ 15} An injury that occurs while the employee is doing nothing more than standing up from a seated position indicates that there is some idiopathic cause for the injury. When an injury is idiopathic in origin, that is, one that derives from a sickness or weakness peculiar to the claimant, it is not causally connected to employment.[9] In workers' compensation cases involving an unexplained injury, the claimant has the burden of eliminating idiopathic causes.[10] Once the claimant has met that burden, an inference arises that the injury was work-related.[11]
 {¶ 16} I do not believe that Emmert met her burden to eliminate idiopathic causes for the injury. While she submitted an affidavit indicating that she had not injured her knee in the past, and that her knee had not been previously treated, I do not believe that this was sufficient. The affidavit did not state that she had not had problems with her knee in the past, nor did it rule out the possibility that her knee was internally weak for reasons not related to her employment. Even if it did, I *Page 6 
believe that a claimant cannot meet her burden to eliminate idiopathic causes that are inherent to the structure of her knee without some expert testimony.[12]
 {¶ 17} At the very least, the record is not sufficiently developed to make a determination on idiopathic causes. In Waller v. Mayfield, the Ohio Supreme Court faced a similarly underdeveloped record. In that case, the court determined that "[f]urther development of the evidence by both parties [was] necessary."[13]
 {¶ 18} Emmert failed to eliminate idiopathic causes for the knee injury, and I would affirm the judgment of the trial court for that reason. Alternatively, if the issue of idiopathic causes has not been sufficiently developed in this case, I would support only a remand for further proceedings on that issue.
[9] Riley v. Conrad, 2nd Dist. No. 18822, 2001-Ohio-1831, citingWaller v. Mayfield (1988), 37 Ohio St.3d 118, 121, 524 N.E.2d 458, fn. 3.
[10] Id., citing Waller at paragraph two of the syllabus.
[11] Id.
[12] See, e.g., Thatcher v. Exterior Systems, Inc., 5th Dist. No. 07 CA 53, 2008-Ohio-899 (claimant presented expert testimony that he was in "excellent health and had no history of seizures" and the appellate court concluded that the trial court "had sufficient evidence before it eliminating idiopathic causes * * *"); Stewart v. B.F. Goodrich Co.
(1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591 ("[A]ppellant's treating physician specifically testified that he was able to rule out all preexisting physical weakness, diseases, or conditions, i.e., all idiopathic reasons, that could have caused appellant's syncopal episode. * * * Therefore, Dr. Dennis's deposition testimony was sufficient, when construing it most strongly in appellant's favor, to eliminate idiopathic causes for appellant's injuries and raise the inference that the unexplained syncopal episode arose out of appellant's employment.").
[13] Waller, 37 Ohio St.3d at 125, 524 N.E.2d 458. *Page 1